IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| LOVELL DAWSON, | |
| Plaintiff, | CIVIL ACTION NO.: 2:23-cv-82 |
| v. | |
| GLYNN COUNTY DETENTION CENTER, and OFFICER APPLEGATE, | |
| Defendants. | |

**O R D E R**

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Doc. 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **DISMISS without prejudice** Plaintiff's claims against Defendant Glynn County Detention Center.  However, I **FIND** that Plaintiff's claims against Defendant Applegate may proceed.  Specifically, the Court will direct service of Plaintiff's equal protection claims against Defendant Applegate based on racial animus and a threat to engage in violence.[1]

Plaintiff also submitted a Motion for Summary Judgment.  Doc. 15.  Plaintiff submitted this Motion before the Court completed its frivolity screening.  Since the Defendant has not yet been served and discovery is yet to begin, I **DENY as premature** Plaintiff's Motion for Summary Judgment.

---

[1] Plaintiff has consented to the undersigned's plenary review.  Doc. 5.

## PLAINTIFF'S CLAIMS[2]

Plaintiff is an inmate at Glynn County Detention Center.  Doc. 1 at 2.  Defendant Applegate is a guard, formerly employed by Glynn County Detention Center.  Id. at 5.  Plaintiff filed his Complaint after Defendant Applegate used a racial slur against Plaintiff and attempted to fight him.  Doc. 1 at 4.  Plaintiff filed a grievance about this incident, and Defendant Applegate was fired after an investigation.  Id. at 5.  Plaintiff filed his Complaint but alleges no constitutional or statutory violations.  Id. at 3.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted

---

[2]   All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true."  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

Plaintiff names Glynn County Detention Center as a Defendant.  Doc. 1.  In order to state a claim for relief under § 1983, a plaintiff must allege "a person acting under color of state law" committed the act or omission in dispute.  Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).  While local governments qualify as "persons" under § 1983, penal institutions are generally not considered legal entities subject to suit.  See Nichols v. Ala. State Bar, 815 F.3d 726, 731(11th Cir. 2016) (noting the Eleventh Amendment bars § 1983 suits against state agencies) (citing Papasan v. Allain, 478 U.S. 265, 276 (1986)); Williams v. Chatham Cnty. Sherriff's Complex, Case No. 4:07-cv-68, 2007 WL 2345243 (S.D. Ga. August 14, 2007) ("The county jail, however, has no independent legal identity and therefore is not an entity that is subject to suit under Section 1983.").

Because Glynn County Detention Center is a county jail, it is not a "person" subject to suit under § 1983.  Hale, 50 F.3d at 1582.  For this reason, I **DISMISS** all claims against Glynn County Detention Center.

## CONCLUSION

For the foregoing reasons, I **DISMISS** Plaintiff's claims against Glynn County Detention Center.  However, I **FIND** Plaintiff's claims against Defendant Applegate may proceed.  Specifically, the Court will direct service of Plaintiff's equal protection claims against Defendant Applegate based on racial animus and a threat to engage in violence.  Since the Defendant has

not yet been served and discovery is yet to begin, I **DENY as premature** Plaintiff's Motion for Summary Judgment.  Doc. 15.

**SO ORDERED**, this 4th day of September, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA